# EXHIBIT A

11:20am 3/27/19

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JETBLUE AIRWAYS CORPORATION, a Delaware corporation and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DUSTY LANDRUM, individually, and on behalf of other members of the general public similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

MAR 2 6 2019

Clerk of the Superior Court
UNA FINAU
By _____ DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo<br><br>Main Courthouse<br>400 County Center, Redwood City, CA 94063 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**19CIV01785** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Drexler (SBN 119119), Molly DeSario (SBN 230763), Jonathan Lee (SBN 267146), Ariel Harman-Holmes (SBN 315234)
Capstone Law APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067, Telephone:(310) 556-4811

| | | | |
|---|---|---|---|
| DATE: **MAR 2 6 2019**<br>*(Fecha)* | **NEAL TANIGUCHI** | Clerk, by<br>*(Secretario)* **UNA FINAU** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  JET BLUE AIRWAYS CORPORATION, A DELAWARE CORPORATION
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Robert Drexler (SBN 119119)
    Robert.Drexler@capstonelawyers.com
2   Molly DeSario (SBN 230763)
    Molly.DeSario@capstonelawyers.com
3   Jonathan Lee (SBN 267146)
    Jonathan.Lee@capstonelawyers.com
4   Ariel Harman-Holmes (SBN 315234)
    Ariel.Harman-Holmes@capstonelawyers.com
5   Capstone Law APC
    1875 Century Park East, Suite 1000
6   Los Angeles, California 90067
    Telephone:   (310) 556-4811
7   Facsimile:   (310) 943-0396

8   Attorneys for Plaintiff Dusty Landrum

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAR 2 6 2019

Clerk of the Superior Court
By ___ **UNA FINAU**
DEPUTY CLERK

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF SAN MATEO

12   DUSTY LANDRUM, individually, and on      Case No. 19 C I V 0 1 7 3 5
     behalf of other members of the general
13   public similarly situated,               **CLASS ACTION COMPLAINT**

14              Plaintiff,                     (1) Violation of California Labor Code §§ 510
                                                  and 1198 (Unpaid Overtime);
15         vs.                                 (2) Violation of California Labor Code
                                                  §§ 1182.12, 1194, 1197, 1197.1, and 1198
16   JETBLUE AIRWAYS CORPORATION, a               (Unpaid Minimum Wages);
     Delaware corporation and DOES 1 through   (3) Violation of California Labor Code
17   10, inclusive,                               §§ 226.7, 512(a), and 1198 (Failure to
                                                  Provide Meal Periods);
18              Defendants.                     (4) Violation of California Labor Code
                                                  §§ 226.7 and 1198 (Failure to Provide Rest
19                                                Periods);
                                               (5) Violation of California Labor Code §§ 201
20                                                and 202 (Wages Not Timely Paid Upon
                                                  Termination);
21                                             (6) Violation of California Labor Code § 2802
                                                  (Unreimbursed Business Expenses);
22                                             (7) Violation of California Business &
                                                  Professions Code §§ 17200, et seq.
23                                                (Unlawful Business Practices); and
                                               (8) Violation of California Business &
24                                                Professions Code §§ 17200, et seq. (Unfair
                                                  Business Practices)
25
                                               **Jury Trial Demanded**
26

27

28

Plaintiff Dusty Landrum, individually and on behalf of all other members of the public similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction. Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.

2.    This Court has jurisdiction over Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.    Venue is proper in this Court, because Defendants employ persons in this county and employed Plaintiff in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

### THE PARTIES

4.    Plaintiff DUSTY LANDRUM is a resident of Vallejo, California. Defendants employed Plaintiff as an hourly-paid, non-exempt Technician from approximately February 12, 2018 to November 17, 2017. Plaintiff worked for Defendants at their location at San Francisco International Airport. Plaintiff worked approximately eight (8) to ten (10) hours per day, four (4) to five (5) days per week. At the time his employment ended, Plaintiff earned $27.24 per hour. Plaintiff's job duties included performing aircraft, plant, and ground equipment maintenance.

5.    Defendant JETBLUE AIRWAYS CORPORATION was and is, upon information and belief, a Delaware Corporation, and at all times hereinafter mentioned, an

employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

6.   Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

7.   Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers, or employees of JETBLUE AIRWAYS CORPORATION at all relevant times.

8.   Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, JETBLUE AIRWAYS CORPORATION and/or DOES 1 through 10 (collectively "Defendants" or "JETBLUE"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants, and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

9.   At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10.   Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**GENERAL ALLEGATIONS**

11.   Defendants are the sixth largest airline carrier in the United States, with an average of 1,100 daily flights serving approximately 101 destinations in the United States, the Caribbean, and Latin America.  Defendants service approximately ten (10) airports in

1    California.  Upon information and belief, Defendants maintain a single, centralized Human

2    Resources department in either Long Beach, California or Long Island City, New York, which

3    is responsible for collecting and processing all new-hire paperwork, and communicating and

4    implementing Defendants' company-wide policies, including timekeeping policies and meal

5    and rest break policies, to employees throughout California.

6          12.    In particular, Plaintiff and class members, on information and belief, received

7    the same standardized documents and/or written policies.  Upon information and belief, the

8    usage of standardized documents and/or written policies, including new hire documents,

9    indicate that Defendants dictated policies at the corporate level and implemented them

10    company-wide, regardless of their employees' assigned locations or positions.  Upon

11    information and belief, Defendants set forth uniform policies and procedures in several

12    documents provided at an employee's time of hire, including, but not limited to, a Crew

13    Handbook.

14          13.    On information and belief, all transactions regarding hiring, terminations,

15    promotions, pay increases, and employee transfers, etc., relating to Defendants' non-exempt,

16    hourly-paid California employees were submitted to and processed by Defendants' HR

17    department in in either Long Beach, California or Long Island City, New York.  Additionally,

18    on information and belief, Defendants' corporate records, business records, data, and other

19    information related to Defendants, including, in particular, HR records pertaining to

20    Defendants' non-exempt, hourly-paid California employees, are also maintained at

21    Defendants' corporate headquarters in either Long Beach, California or Long Island City,

22    New York.

23          14.    Upon information and belief, Defendants maintain a centralized Payroll

24    department in in either Long Beach, California or Long Island City, New York, which

25    processes payroll for all non-exempt, hourly-paid employees working for Defendants at their

26    various locations in California, including Plaintiff and class members.  Based upon

27    information and belief, Defendants issued the same formatted wage statements to all non-

28    exempt, hourly-paid employees in California, irrespective of their work location.  Upon

information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

15.     Defendants continue to employ non-exempt or hourly-paid employees in California.

16.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

17.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

18.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

19.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding overtime and double time rates of pay, that included as eligible income all income derived from shift differential pay, incentive pay, non-discretionary bonuses, and/or other forms of compensation.

20.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

21.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular

1  rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal

2  periods and that Plaintiff and class members were not provided with all meal periods or

3  payment of one (1) additional hour of pay at their regular rates of pay when they did not

4  receive a timely, uninterrupted, thirty (30) minute meal period.

5      22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6  should have known that Plaintiff and class members were entitled to rest periods in

7  accordance with the Labor Code and applicable IWC Wage Order or payment of one (1)

8  additional hour of pay at their regular rates of pay when they were not authorized and

9  permitted to take a compliant rest period. In violation of the California Labor Code, Plaintiff

10 and class members were not authorized and permitted to take compliant rest periods, nor did

11 Defendants provide Plaintiff and class members with payment of one (1) additional hour of

12 pay at their regular rates of pay when they were not authorized and permitted to take a

13 compliant rest period.

14     23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15 should have known that Plaintiff and class members were entitled to timely payment of wages

16 during their employment. In violation of the California Labor Code, Plaintiff and class

17 members did not receive payment of all wages, including, but not limited to, overtime wages,

18 minimum wages, and meal and rest period premiums, within permissible time periods.

19     24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20 should have known that Plaintiff and class members were entitled to timely payment of all

21 wages earned upon termination of employment. In violation of the California Labor Code,

22 Plaintiff and class members did not receive payment of all wages due, including, but not

23 limited to, overtime wages, minimum wages, and meal and rest period premiums, within

24 permissible time periods.

25     25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26 should have known that they had a duty to cover the costs and expenses Plaintiff and class

27 members incurred undergoing mandatory physical examinations and/or drug testing, but

28 willfully, knowingly, and intentionally failed to do so.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive reimbursement of applicable business-related expenses and costs they incurred.

27. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382.

29. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

30. Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly-paid employees in California, within four years prior to the filing of this complaint until the date of trial ("Class").

31. Members of the Class are referred to herein as "class members."

32. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

33. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

34. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiff and class members to work over

1    eight (8) hours per day, over twelve (12) hours per day, or over forty

2    (40) hours per week and failed to pay all legally required overtime

3    compensation to Plaintiff and class members;

4    (b)   Whether Defendants failed to properly calculate the "regular rate" of

5    pay on which Plaintiff's and class members' overtime rate of pay was

6    based;

7    (c)   Whether Defendants failed to pay Plaintiff and class members at least

8    minimum wages for all hours worked;

9    (d)   Whether Defendants failed to provide Plaintiff and class members with

10   meal periods;

11   (e)   Whether Defendants failed to authorize and permit Plaintiff and class

12   members to take rest periods;

13   (f)   Whether Defendants failed to pay earned overtime wages, minimum

14   wages, meal and rest period premiums due to Plaintiff and class

15   members upon their discharge;

16   (g)   Whether Defendants failed timely to pay overtime wages, minimum

17   wages, meal and rest period premiums to Plaintiff and class members

18   during their employment;

19   (h)   Whether Defendants failed to reimburse Plaintiff and class members for

20   necessary and required business-related expenditures and/or losses

21   incurred by them in the scope of their employment;

22   (i)   Whether Defendants failed to pay Plaintiff and class members for the

23   costs of mandatory physical examinations and/or drug testing;

24   (j)   Whether Defendants engaged in unlawful and unfair business practices

25   in violation of California Business & Professions Code sections 17200,

26   *et seq.*; and,

27   (k)   The appropriate amount of damages, restitution, or monetary penalties

28   resulting from Defendants' violations of California law.

35.     There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

        (a)    Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

        (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

        (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

        (d)    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the

1    entire class.

2         (e)    Public Policy Considerations:  Employers in the State of California

3                violate employment and labor laws every day.  Current employees are

4                often afraid to assert their rights out of fear of direct or indirect

5                retaliation.  Former employees are fearful of bringing actions because

6                they believe their former employers might damage their future

7                endeavors through negative references and/or other means.  Class

8                actions provide the class members who are not named in the complaint

9                with a type of anonymity that allows for the vindication of their rights

10               while simultaneously protecting their privacy.

11                          **FIRST CAUSE OF ACTION**

12    **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

13                         **(Against all Defendants)**

14    36.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

15    and every allegation set forth above.

16    37.    Labor Code section 1198 makes it illegal to employ an employee under

17    conditions of labor that are prohibited by the applicable wage order.  California Labor Code

18    section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall

19    be the . . . standard conditions of labor for employees.  The employment of any employee . . .

20    under conditions of labor prohibited by the order is unlawful."

21    38.    California Labor Code section 1198 and the applicable IWC Wage Order

22    provide that it is unlawful to employ persons without compensating them at a rate of pay

23    either time-and-one-half or two-times that person's regular rate of pay, depending on the

24    number of hours worked by the person on a daily or weekly basis.

25    39.    Specifically, the applicable IWC Wage Order provides that Defendants are and

26    were required to pay Plaintiff and class members working more than eight (8) hours in a day

27    or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all

28    hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

1    workweek.

2         40.    The applicable IWC Wage Order further provides that Defendants are and were

3    required to pay Plaintiff and class members working more than twelve (12) hours in a day,

4    overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's

5    regular rate of pay includes all remuneration for employment paid to, or on behalf of, the

6    employee, including shift differential pay, incentive pay, and non-discretionary bonuses.

7         41.    California Labor Code section 510 codifies the right to overtime compensation

8    at one and one-half times (1½) the regular rate of pay for hours worked in excess of eight (8)

9    hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the

10   seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate

11   of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours

12   in a day on the seventh (7th) day of work.

13        42.    During the relevant time period, Defendants willfully failed to pay all overtime

14   wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and

15   class members were not paid overtime premiums for all of the hours they worked in excess of

16   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

17   hours in a week, because all hours worked were not recorded.

18        43.    During the relevant time period, Defendants had, and continue to have,

19   company-wide policies of failing to implement any policy to provide Plaintiff and class

20   members with compliant meal periods and, instead, engaged in a practice of discouraging and

21   impeding employees from taking meal periods by understaffing their facilities.  Furthermore,

22   Defendants, on a company-wide basis, failed to schedule meal periods for Plaintiff and class

23   members.  As a result, Plaintiff and class members were not provided with uninterrupted 30-

24   minute meal periods during their shifts.

25        44.    Additionally, Defendants required Plaintiff and class members to respond to

26   company-issued radio calls at all times, including during their meal periods, causing Plaintiff

27   and class members to have their meal periods interrupted by their work for Defendants.  For

28   example, Plaintiff would regularly work through his meal periods and had his meal periods

1    interrupted by supervisors and maintenance requests over his hand-held radio.

2        45.    Further, Defendants had, and continue to have, a company-wide policy and/or

3    practice requiring Plaintiff and class members to apprise themselves of their daily aircraft

4    maintenance assignments before beginning any repairs. As a result, Plaintiff and class

5    members would arrive for their shifts thirty (30) minutes before their scheduled start time to

6    check the assignment board and research the history of the aircraft to which they were

7    assigned. Plaintiff and class members were not permitted to clock in early for this pre-shift

8    work, and therefore they performed this work off-the-clock without being compensated.

9        46.    Defendants knew or should have known that, as a result of these company-wide

10   practices and/or policies, Plaintiff and class members were performing assigned duties during

11   their meal periods and before their shifts, and thereby performing work for which they were

12   not paid. Defendants further knew or should have known that they did not compensate

13   Plaintiff and class members for this off-the-clock work.

14       47.    Because Plaintiff and class members worked shifts of eight (8) hours a day or

15   more or forty (40) hours a week or more, some of this off-the-clock work qualified for

16   overtime premium pay. Therefore, Plaintiff and class members were not paid overtime wages

17   for all of the overtime hours they actually worked.

18       48.    Furthermore, Defendants did not pay Plaintiff and class members the correct

19   overtime and double time rates for the recorded overtime hours that they generated. In

20   addition to an hourly wage, Defendants paid Plaintiff and class members shift differential pay,

21   incentive pay, and/or non-discretionary bonuses. However, in violation of the California

22   Labor Code, Defendants failed to incorporate all remunerations, including shift differential

23   pay, incentive pay, and/or non-discretionary bonuses, into the calculation of the regular rate of

24   pay for purposes of calculating the overtime and double time wage rates. Therefore, during

25   times when Plaintiff and class members worked overtime and received shift differential pay,

26   incentive pay, and/or non-discretionary bonuses, Defendants failed to pay all overtime wages

27   by paying lower overtime and double time rates than required.

28       49.    Specifically, Plaintiff and class members received shift differential pay that

1  appeared on their wage statements as "Premium 2nd Shift" and "MX Shift Differential."

2  During pay periods that Plaintiff and class members were paid overtime and double time,

3  Defendants failed to incorporate the shift differential pay into Plaintiff's and class members'

4  regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime

5  hours worked.  Specifically, Defendants paid Plaintiff and class members 1.5 times their

6  hourly rate of pay instead of a 1.5 times their regular rate of pay.  Defendants' failure to

7  properly calculate the overtime and double time rates of pay based on all remuneration paid

8  has resulted in an underpayment of overtime and double time wages to Plaintiff and class

9  members on a company-wide basis.

10       50.       Defendants' failure to pay Plaintiff and class members the balance of overtime

11  compensation and failure to include all applicable remuneration in calculating the regular rate

12  of pay for overtime and double time pay, as required by California law, violates the provisions

13  of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section

14  1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation,

15  as well as interest, costs, and attorneys' fees.

16                          **SECOND CAUSE OF ACTION**

17  **Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

18                                  **Minimum Wages**

19                              **(Against All Defendants)**

20       51.       Plaintiff incorporates by reference and re-alleges as if fully stated herein each

21  and every allegation set forth above.

22       52.       At all relevant times, California Labor Code sections 1182.12, 1194, 1197,

23  1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the

24  minimum wage to be paid to employees, and the payment of a wage less than the minimum so

25  fixed is unlawful.  Compensable work time is defined in Wage Order No. 9 as "the time

26  during which an employee is subject to the control of an employer, and includes all the time

27  the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code.

28  Regs. tit. 8, § 11090(2)(H) (defining "Hours Worked").

53.     As stated, due to Defendants' uniform policies and/or practices of understaffing their facilities and requiring that employees carry and respond to their radios at all times, Plaintiff and class members were prevented from taking full, uninterrupted meal periods to which they were entitled and were forced to work off-the-clock.  Further, Defendants systematically failed to pay Plaintiff and class members for actual hours worked during their unpaid meal periods as this time was not always recorded.  As also stated above, Defendants required Plaintiff and class members to perform work off-the-clock before their shifts by performing pre-shift duties in preparation for working on their assigned aircraft.

54.     Moreover, during the relevant time period, Defendants maintained and implemented a company-wide policy of requiring all employees to travel to a medical clinic on their own time, using their own personal vehicles or public transportation, and undergo a mandatory drug test and/or physical examination.  At all times, upon information and belief, Defendants were in control of scheduling the date and time for the test and/or examinations, selecting the providers/facilities where the test and/or examinations were to take place, and determining the scope of the test and/or examinations.  Defendants gave Plaintiff and class members strict instructions to obtain physical examinations and/or drug tests, and Plaintiff and class members underwent the examinations and testing for the sole benefit of Defendants. Plaintiff followed Defendants' instructions and spent approximately 45 minutes traveling to and from the medical facility designated by Defendants to undergo the required drug test. However, Defendants did not compensate Plaintiff and class members for all of the time they spent traveling to and from medical facilities or for the time they spent undergoing drug testing and/or physical examinations.

55.     Thus, Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

56.     Defendants' failure to pay Plaintiff and class members minimum wages violates

California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### THIRD CAUSE OF ACTION

**Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**

**(Against all Defendants)**

57.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

58.     At all relevant times herein set forth, the applicable IWC Wage Order(s) and California Labor Code sections 226.7, 512(a), and 1198 were applicable to Plaintiff and class members' employment by Defendants.

59.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

60.     At all relevant times herein set forth, California Labor Code section 226.7 and 512(a) provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

61.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     During the relevant time period, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing locations while simultaneously assigning demanding workloads and requiring employees to carry and respond to radios at all times.  These policies had a combined effect of preventing Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled.  Additionally, Defendants lacked, and continue to lack, any policy of practice of scheduling meal periods for Plaintiff and class members.  As such, Plaintiff and class members had to work through some or all of their meal periods, have their meal periods interrupted by their work, and/or wait extended periods of time before taking their meal periods.  For example, Plaintiff would only receive his meal periods five (5) or six (6) hours after the start of his shift.  Plaintiff also had his meal periods interrupted by work and, as a result, took shortened meal periods.

63.     Moreover, Defendants did not provide Plaintiff and class members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.  For example, when Plaintiff worked ten (10) hours in a day, and at times, up to fifteen (15) hours in a day, Defendants did not provide him with the opportunity to take a second meal period.  Instead, Plaintiff continued to perform work-related duties until he clocked out at the end of his shift.

64.     At all times herein mentioned, Defendants knew or should have known that as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and were required to perform some of their assigned duties during meal periods.  Defendants further knew or should have known they did not pay Plaintiff and class members meal period premium wages when meal periods were missed, interrupted by work, and/or taken late.  Plaintiff and class members did not sign valid meal break waivers on days that they were entitled to meal periods and were not relieved of all duties.

65.     Moreover, Defendants engaged in a systematic, company-wide practice and/or policy of not paying meal period premiums owed when compliant meal periods were not provided.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods and failed to pay the full meal period premiums due.  Alternatively, to the extent

1  that Defendants did pay meal period premium wages to Plaintiff and class members, they did

2  so at the incorrect rates.  Because Defendants did not properly calculate Plaintiff's and class

3  members' regular rates of pay by including all remunerations, such as shift differential pay,

4  incentive pay, and/or non-discretionary bonuses, any premiums paid for meal period

5  violations were also paid at an incorrect rate and resulted in an underpayment of meal period

6  premium wages.

7      66.     Defendants' conduct violates the applicable IWC Wage Order, and California

8  Labor Code sections 226.7, 512(a), and 1198.  Plaintiff and class members are entitled to

9  recover from Defendants one (1) additional hour of pay at the employee's regular rate of

10  compensation for each work day that the meal period was not provided.

11                          **FOURTH CAUSE OF ACTION**

12      **Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations**

13                              **(Against all Defendants)**

14      67.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

15  and every allegation set forth above.

16      68.     At all relevant times herein set forth, the applicable IWC Wage Order and

17  California Labor Code sections 226.7 and 1198 were applicable to Plaintiff's and class

18  members' employment by Defendants.

19      69.     At all relevant times, the applicable IWC Wage Order provides that "[e]very

20  employer shall authorize and permit all employees to take rest periods, which insofar as

21  practicable shall be in the middle of each work period" and that the "rest period time shall be

22  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

23  hours or major fraction thereof" unless the total daily work time is less than three and one-half

24  (3½) hours.

25      70.     At all relevant times, California Labor Code section 226.7 provides that no

26  employer shall require an employee to work during any rest period mandated by an applicable

27  order of the California IWC.  To comply with its obligation to authorize and permit rest

28  periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an

employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).

71.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

72.     As with meal periods, Defendants' systematic understaffing combined with heavy workloads and the requirement that Plaintiff and class members carry hand-held radios at all times prevented employees from being relieved of all duties in order to take compliant rest periods. Further, Defendants had no policy for scheduling rest periods for employees, which further impeded and prevented Plaintiff and class members from taking compliant rest periods.

73.     Additionally, Defendants maintained and implemented a rest period policy prohibiting Plaintiff and class members from leaving the premises during rest periods. Because Plaintiff and class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes. Thus, Defendants effectively maintained control over Plaintiff and class members during rest periods and did not relinquish control over Plaintiff and class members during rest periods.

74.     As a result, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours, without receiving all uninterrupted ten (10) minute rest breaks to which they were entitled. Throughout his employment, Plaintiff was not authorized and permitted to take full and complete 10-minute rest periods.

75.     Defendants have also engaged in a company-wide practice and/or policy to not pay rest period premiums owed when compliant rest periods are not permitted or authorized. As a result, Defendants failed to pay Plaintiff and class members the rest period premiums due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

1  Alternatively, to the extent that Defendants did pay rest period premium wages to Plaintiff and

2  class members, they did so at the incorrect rates. Because Defendants did not properly

3  calculate Plaintiff's and class members' regular rates of pay by including all remunerations,

4  such as shift differential pay, incentive pay, and/or non-discretionary bonuses, any premiums

5  paid for rest period violations were also paid at an incorrect rate and resulted in an

6  underpayment of rest period premium wages.

7       76.  Defendants' conduct violates the applicable IWC Wage Order and California

8  Labor Code sections 226.7 and 1198. Plaintiff and class members are therefore entitled to

9  recover from Defendants one (1) additional hour of pay at the employee's regular rate of

10  compensation for each work day that a compliant rest period was not authorized and

11  permitted.

12  **FIFTH CAUSE OF ACTION**

13  **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

14  **Termination**

15  **(Against all Defendants)**

16       77.  Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17  and every allegation set forth above.

18       78.  At all times relevant herein set forth, Labor Code sections 201 and 202 provide

19  that if an employer discharges an employee, the wages earned and unpaid at the time of

20  discharge are due and payable immediately, and that if an employee voluntarily leaves his or

21  her employment, his or her wages shall become due and payable not later than seventy-two

22  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

23  his or her intention to quit, in which case the employee is entitled to his or her wages at the

24  time of quitting.

25       79.  For example, Plaintiff was terminated by Defendants on or around November

26  17, 2017. However, Defendants did not provide him with his final paycheck until November

27  25, 2017, nearly one week later. Thus, Defendants failed to pay Plaintiff his final wages

28  immediately upon termination in violation of Labor Code section 201.

80.    Additionally, during the relevant time period, Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and/or rest period premium wages either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

81.    Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 2802 – Unpaid Business-Related Expenses

### (Against all Defendants)

82.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

83.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order 9-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

84.    During the relevant time period, Defendants, on a company-wide basis,

required that Plaintiff and class members use their own personal cellular phones and cellular data to carry out their job duties, but Defendants failed to reimburse them for the costs of their work-related cellular phone expenses. Plaintiff and class members were required to use their personal cellular phones to complete their work-related tasks, such as calling Maintenance Control to ask technical questions. Although Defendants required Plaintiff and class members to regularly utilize their personal cellular phones to carry out their work-related responsibilities, Defendants failed to fully reimburse them for this cost.

85.    Further, as stated, Defendants had a company-wide policy requiring Plaintiff and class members to travel in their own personal vehicles to medical clinics to undergo mandatory drug testing and/or physical examinations, but did not reimburse them for their travel expenses. For example, as described above, Plaintiff drove 10 to 20 miles roundtrip to undergo drug testing per Defendants' instructions, but was not reimbursed for his mileage to and from the facility.

86.    Defendants engaged in a systematic, company-wide policy to not reimburse Plaintiff and class members for necessary business expenses. Defendants could have provided Plaintiff and class members with the actual tools for use on the job, including company phones, company vehicles, or reimbursed employees for their cellular phone expenses, mileage, and travel expenses, but instead, Defendants passed these operating costs off onto Plaintiff and class members.

87.    Defendants' company-wide policy and/or practice of passing its operating costs on to Plaintiff and class members is in violation of California Labor Code section 2802. Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related expenses and costs.

88.    Plaintiff and class members are therefore entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

//

//

1

2

3

4

**SEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

5   89.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

6   and every allegation set forth above.

7   90.     Defendants are "persons" as defined by California Business & Professions

8   Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

9   and/or associations.

10   91.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

11   unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has

12   suffered injury in fact and has lost money as a result of Defendants' unlawful business

13   practices. Plaintiff seeks to enforce important rights affecting the public interest within the

14   meaning of Code of Civil Procedure section 1021.5.

15   92.     Defendants' activities, as alleged herein, are violations of California law, and

16   constitute unlawful business acts and practices in violation of California Business &

17   Professions Code sections 17200, *et seq.*

18   93.     A violation of California Business & Professions Code sections 17200, *et seq.*

19   may be predicated on the violation of any state or federal law. In the instant case, Defendants'

20   policies and practices have violated state law in at least the following respects:

21              (a)     Requiring non-exempt, hourly-paid employees, including Plaintiff and

22                      class members, to work overtime without paying them proper

23                      compensation in violation of California Labor Code sections 510 and

24                      1198 and the applicable IWC Order and paying Plaintiff and class

25                      members overtime at a lower rate than required by law by failing to

26                      properly calculate the regular rate of pay for purposes of overtime, as

27                      alleged herein;

28              (b)     Failing to pay at least minimum wage to Plaintiff and class members in

violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Order, as alleged herein;

(c) Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Order, as alleged herein;

(d) Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, and 1198, and the applicable IWC Order, as alleged herein;

(e) Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below;

(f) Failing to pay the costs of mandatory physical examinations and/or drug testing in violation of California Labor Code section 222.5, as set forth below; and

(g) Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code sections 2802, as alleged herein.

94. At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

95. At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

96. At all times relevant herein, Labor Code section 204 provides that all wages

1 | earned for labor in excess of the normal work period shall be paid no later than the payday for

2 | the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section

3 | 204 provides that the requirements of this section are deemed satisfied by the payment of

4 | wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than

5 | seven (7) calendar days following the close of the payroll period.

6 |      97.     At all relevant times herein, Defendants willfully failed to pay Plaintiff and

7 | class members all wages due including, but not limited to, overtime wages, minimum wages,

8 | and meal and rest period premium wages, within the time periods specified by California

9 | Labor Code section 204.

10 |      98.     At all times relevant herein, California Labor Code section 222.5 requires

11 | employers to pay for the costs an employee incurs for obtaining any required medical or

12 | physical examination.

13 |      99.     At all times relevant herein, Defendants implemented, on a company-wide

14 | basis, an employer-imposed requirement that Plaintiff and class members undergo mandatory

15 | drug tests and/or physical examinations, but required them to do so at their own expense.  As

16 | stated, Defendants had a company-wide policy requiring that all employees, including

17 | Plaintiff and class members, travel to a specified medical clinic on their own time and use

18 | their own means of transportation to undergo drug testing.  At all times, upon information and

19 | belief, Defendants were in control of scheduling the date and time for the drug testing and/or

20 | physical examinations, selecting the provider/facility where the drug testing and/or physical

21 | examinations were to take place, and determining the scope of the drug test and/or physical

22 | examination.

23 |      100.    For example, Plaintiff was instructed by Defendants to travel to a certain clinic

24 | and obtain a drug test.  Plaintiff followed Defendants' instructions, traveled 10-20 miles

25 | roundtrip, and underwent the drug test.  Plaintiff spent approximately forty-five (45) minutes

26 | traveling to and from the clinic and undergoing the mandatory drug test.  However,

27 | Defendants did not compensate Plaintiff and class members for the time they spent traveling

28 | to and from the medical clinics, for the time they spent undergoing drug testing and/or

1  examinations, or reimburse them for the travel expenses they incurred getting to and from the

2  medical clinics. Defendants' policy and/or practice of not paying for all costs Plaintiff and

3  class members incurred obtaining mandatory drug tests and/or physical examinations is in

4  violation of California Labor Code section 222.5.

5      101.   As a result of the violations of California law herein described, Defendants

6  unlawfully gained an unfair advantage over other businesses. Plaintiff and class members

7  have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

8  herein.

9      102.   Pursuant to California Business & Professions Code sections 17200 *et seq.*,

10  Plaintiff and class members are entitled to restitution of the wages withheld and retained by

11  Defendants during a period that commences four years prior to the filing of this complaint; a

12  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

13  class members; and an award of attorneys' fees pursuant to California Code of Civil

14  Procedure section 1021.5 and other applicable laws; and an award of costs.

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, et seq. –**

**Unfair Business Practices**

**(Against all Defendants)**

19      103.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

20  and every allegation set forth above.

21      104.   Defendants are "persons" as defined by California Business & Professions

22  Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

23  and/or associations.

24      105.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

25  and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered

26  injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff

27  seeks to enforce important rights affecting the public interest within the meaning of Code of

28  Civil Procedure section 1021.5.

106.   Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premium wages due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (Id.)

107.   A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest break laws and constitute acts against the public policy behind these laws.

108.   Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.   For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

1  excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

2  reserves the right to amend his prayer for relief to seek a different amount.

3  **Class Certification**

4      2.     That this case be certified as a class action;

5      3.     That Plaintiff be appointed as the representative of the Class;

6      4.     That counsel for Plaintiff be appointed as class counsel.

7  **As to the First Cause of Action**

8      5.     That the Court declare, adjudge, and decree that Defendants violated California

9  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

10  pay all overtime wages due to Plaintiff and class members;

11      6.     For general unpaid wages at overtime wage rates and such general and special

12  damages as may be appropriate;

13      7.     For pre-judgment interest on any unpaid overtime compensation commencing

14  from the date such amounts were due, or as otherwise provided by law;

15      8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

16  California Labor Code section 1194(a); and

17      9.     For such other and further relief as the Court may deem equitable and

18  appropriate.

19  **As to the Second Cause of Action**

20      10.    That the Court declare, adjudge and decree that Defendants violated California

21  Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay

22  minimum wages to Plaintiff and class members;

23      11.    For general unpaid wages and such general and special damages as may be

24  appropriate;

25      12.    For pre-judgment interest on any unpaid compensation from the date such

26  amounts were due, or as otherwise provided by law;

27      13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

28  California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

17. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(b);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For premiums pursuant to California Labor Code section 226.7(b);

27. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

28. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

29. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages, and meal and rest period premiums owed at the time of termination of the employment of Plaintiff and other terminated class members;

31. For all actual, consequential and incidental losses and damages, according to proof;

32. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

33. For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

34. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

35. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

36. That the Court declare, adjudge and decree that Defendants violated California Labor Code  section  2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

37. For unpaid business-related expenses and such general and special damages as may be appropriate;

1    38.    For pre-judgment interest on any unpaid business-related expenses from the

2    date such amounts were due, or as otherwise provided by law;

3    39.    For all actual, consequential and incidental losses and damages, according to

4    proof;

5    40.    For attorneys' fees and costs pursuant to California Labor Code

6    section 2802(c), or as otherwise provided by law; and

7    41.    For such other and further relief as the Court may deem equitable and

8    appropriate.

9    **As to the Seventh Cause of Action**

10    42.    That the Court declare, adjudge and decree that Defendants conduct of failing

11    to provide Plaintiff and class members all overtime wages due to them, failing to provide

12    Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and

13    class members all meal periods, failing to authorize and permit Plaintiff and class members to

14    take all rest periods, failing timely to pay Plaintiff and class members all earned wages during

15    employment, failing to pay the costs of mandatory drug testing and/or physical examinations,

16    and failing to reimburse Plaintiff and class members for business-related expenses, constitutes

17    an unlawful business practice in violation of California Business and Professions Code

18    sections 17200, *et seq.*;

19    43.    For restitution of unpaid wages to Plaintiff and all class members and

20    prejudgment interest from the day such amounts were due and payable;

21    44.    For the appointment of a receiver to receive, manage and distribute any and all

22    funds disgorged from Defendants and determined to have been wrongfully acquired by

23    Defendants as a result of violations of California Business & Professions Code sections 17200

24    *et seq.*;

25    45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26    California Code of Civil Procedure section 1021.5; and

27    46.    For such other and further relief as the Court may deem equitable and

28    appropriate.

**As to the Eighth Cause of Action**

47.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

48.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

49.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

50.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

51.     For pre-judgment and post-judgment interest as provided by law; and

52.     For such other and further relief as the Court may deem equitable and appropriate.

Dated:  March 26, 2019                                        Respectfully submitted,

                                                             Capstone Law APC

                                                             By:
                                                             Robert Drexler
                                                             Molly DeSario
                                                             Jonathan Lee
                                                             Ariel Harman-Holmes

                                                             Attorneys for Plaintiff Dusty Landrum

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert Drexler (SBN 119119), Molly DeSario (SBN 230763)<br>Jonathan Lee (SBN 267146), Ariel Harman-Holmes (SBN 315234)<br>Capstone Law APC<br>1875 Century Park East, Suite 1000, Los Angeles, California 90067<br>TELEPHONE NO.: (310) 556-4811    FAX NO.: (310) 943-0396<br>ATTORNEY FOR *(Name):* Plaintiff Dusty Landrum | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>MAR 26 2019<br><br>Clerk of the Superior Court<br>By **UNA FINAU**<br>DEPUTY CLERK |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO |
|---|
| STREET ADDRESS: 400 County Center |
| MAILING ADDRESS: 400 County Center |
| CITY AND ZIP CODE: Redwood City, CA 94063 |
| BRANCH NAME: Main Courthouse |

| CASE NAME:<br>Landrum v. Jetblue Airways Corporation | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER<br>**19CIV01735** |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 26, 2019

Jonathan Lee
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| **ENDORSED FILED** |
| SAN MATEO COUNTY |
| MAR 26 2019 |
| Clerk of the Superior Court |
| UNA FINAU |
| DEPUTY CLERK |

PLAINTIFF: DUSTY LANDRUM

DEFENDANT: JETBLUE AIRWAYS CORPORATION, A DELAWARE CORPORATION; DOES 1 THROUGH 10, INCLUSIVE

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
19-CIV-01735

This case has been filed by Plaintiff(s) as a putative class action. By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, the **Honorable Marie S. Weiner, Department 2**, located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **6/24/2019 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 3/26/2019          Neal I. Taniguchi, Court Executive Officer/Clerk

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 3/26/2019          By: _UNA FINAU_____

Unaloto Finau, Courtroom Clerk